UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY FINERSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 4:13CV1989 JCH |
| | ) |
| RICHARD C. BRESNAHAN, et al., | ) |
| | ) |
| Respondents. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for declaratory judgment under 28 U.S.C. § 2201. It is unclear whether this Court has subject matter jurisdiction over the petition, and the Court will require petitioner to submit an amended petition or civil complaint.

Petitioner pled guilty to two counts of statutory rape on May 20, 2002. Missouri v. Finerson, No. 22011-01573 (City of St. Louis). On April 3, 2013, petitioner was charged with four counts of failing to register as a sex offender under Mo. Rev. Stat. § 589.425. Missouri v. Finerson, No. 13SL-CR01847 (St. Louis County). According to petitioner, at least one of those counts is for failing to register his vehicle as required by Mo. Rev. Stat. § 589.407 (2013).

In 2002, Missouri did not require that a convicted sex offender register a description of his vehicle or the license plate number with the state. Mo. Rev. Stat.

§ 589.047 (2002).  The statute was amended in 2006 to include the requirement that a sex offender register his vehicle, along with the previous requirements that he register his name, address, phone number, and Social Security number.  See Mo. Legis. H.B. 1290 (2006).  Petitioner argues that his current indictment violates the Ex Post Facto Clause because the vehicle registration requirement was not in place when he was convicted.  Petitioner seeks a judgment from this Court declaring that the pending criminal action against him is violative of the Constitution of the United States.

"The operation of the Declaratory Judgment Act is procedural only."  10B Fed. Prac. & Proc. § 2766 (3d ed.).  Before deciding whether to exercise its discretion and allow a declaratory-judgment action to be brought, the Court must determine if jurisdiction exists.  Id. (citing Pacific Intermountain Express Co. v. Hawaii Plastics Corp., 528 F.2d 911, 912 (3d Cir. 1976)).  Diversity jurisdiction does not exist in this case; so petitioner must establish federal question jurisdiction under 28 U.S.C. § 1331.

It is not clear from the face of the petition whether petitioner seeks to invoke jurisdiction under the federal habeas statute, under federal civil rights law, or under any other provision of federal law.  As a result, the Court is unable to determine that subject matter jurisdiction exists.

Petitioner must, within twenty-eight days of the date of this Order, file an amended petition or civil complaint on the appropriate form.  The amended petition or

complaint must clearly state the basis for federal jurisdiction. Petitioner is warned that the filing of an amended petition replaces the original petition, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If petitioner fails to comply with this Order, the Court will dismiss this action without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall mail to petitioner a copy of the Court's Prisoner Civil Rights Complaint form, a copy of the Court's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form, and a general Civil Complaint form.

**IT IS FURTHER ORDERED** that petitioner shall file an amended petition or complaint on the appropriate form no later than twenty-eight (28) days from the date of this Order.

**IT IS FURTHER ORDERED** that if petitioner fails to timely file an amended petition or complaint, the Court will dismiss this action.

Dated this 17th day of October, 2013.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE