# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY FINERSON,            ) | |
|                              ) | |
|   Petitioner,     ) | |
|                              ) | |
|     v.  ) | Case No. 4:13CV1989JCH |
|                              ) | |
| RICHARD BRESNAHAN, et al.,   ) | |
|                              ) | |
|   Respondents.    ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Anthony Finerson's Motions for Appointment of Counsel (the "Motions to Appoint"), which Finerson filed on October 31, 2013 and January 8, 2014. (ECF Nos. 14, 35). Respondents Richard Bresnahan and Robert McCulloch have each filed responses, (ECF Nos. 36, 37), and the Motions are ready for disposition.

On October 4, 2013, Finerson filed a Petition for Declaratory Judgment against the Respondents. (ECF No. 1). Pursuant to an order from the Court, Finerson filed an Amended Petition on October 23, 2013. (ECF Nos. 9, 10).[1] In his Amended Petition, Finerson claims several of his federal and state constitutional rights are being violated as a result of pending criminal proceedings against him in the 21st Judicial Circuit Court of the State of Missouri. (Amended Petition, ("Am. Pet."), at 7).[2] Finerson seeks a declaration that his rights are being violated by those proceedings, along with "any other relief this Court deems proper." *Id.* Finerson has filed these Motions to Appoint because he believes assistance of counsel is

---

[1] The Court has construed the Amended Petition to be an official-capacity suit under 42 U.S.C. § 1983. (ECF No. 12).

[2] Respondent Bresnahan is the judge presiding over the state proceedings, and Respondent McCulloch is the prosecuting attorney. (Memorandum in Support of McCulloch's Motion to Dismiss at 1).

necessary for him adequately to argue the claims set forth in his Amended Petition. (*See* First and Second Motions to Appoint).

It is within a district court's discretion in a civil action to determine the propriety of appointing counsel for an unrepresented indigent party. *See, e.g.*, *Williams v. Groose*, 979 F.2d 1337, 1337 (8th Cir. 1992). In making its determination, "the district court considers relevant factors such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent [litigant] to present his claim." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). This list is not exhaustive, and other factors may be relevant based on the circumstances of a particular case. *See id.*

The Court thinks it is unnecessary to appoint counsel for Finerson in this matter. The legal issues surrounding Finerson's claims are straightforward; he has presented his claims thoroughly and competently; there is unlikely to be any need to develop a factual record; and it is probable that the Court can make a correct decision on Finerson's claims without much more than the information and arguments already filed. The Court therefore sees very little possibility that Finerson will benefit from the appointment of counsel.[3]

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Anthony Finerson's Motions for Appointment of Counsel, (ECF Nos. 14, 35), are **DENIED**.

---

[3] The Court notes than Finerson has identified one factor that weighs in favor of appointing counsel: he has had limited access to legal research materials during his incarceration. But based on its review of the record, the Court does not think that more detailed legal research would have an impact on its ultimate decision regarding Finerson's Amended Petition.

**IT IS FURTHER ORDERED** that Petitioner Anthony Finerson has **30 DAYS** from the entry of this Order to file a response to Respondents' Motions to Dismiss, which Respondents filed on December 9, 2013. (ECF Nos. 30-33).


Dated this 17th Day of January, 2014.

                                /s/ Jean C. Hamilton
                                UNITED STATES DISTRICT JUDGE