UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY FINERSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:13CV1989 JCH |
| | ) |
| RICHARD C. BRESNAHAN, et al., | ) |
| | ) |
| Respondents. | ) |

## **MEMORANDUM AND ORDER**

Petitioner, a convicted sex offender, is currently being prosecuted in state court for alleged violations of the sex offender registration statutes. Petitioner argues that the criminal case is unconstitutional, and he seeks a declaratory judgment from this Court. Respondents have moved the Court to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Having carefully reviewed the case, the Court will dismiss this action without further proceedings.

Petitioner pled guilty to two counts of statutory rape on May 20, 2002. Missouri v. Finerson, No. 22011-01573 (City of St. Louis). On April 3, 2013, Petitioner was charged with four counts of failing to register as a sex offender under Mo. Rev. Stat. § 589.425. Missouri v. Finerson, No. 13SL-CR01847 (St. Louis County). Three of the counts allege that Petitioner failed to register vehicles he owned and the fourth count charges that he failed to register his phone number. Id. The case is being

prosecuted by Respondent Robert McCulloch, and Respondent Richard Bresnahan is the judge presiding over the action.

Petitioner argues that his current indictment violates the Ex Post Facto Clause because the vehicle registration requirement was not in place when he was convicted. Petitioner seeks a judgment from this Court declaring that the pending criminal action against him is violative of the Constitution of the United States. Petitioner does not seek any other form of relief.

Respondents argue that the doctrine of federalism bars the Court from granting the requested relief. In <u>Younger v. Harris</u>, 401 U.S. 37, 46 (1971), the Supreme Court held that principles of equity, comity and federalism dictate that federal courts should generally refrain from enjoining ongoing state criminal proceedings, absent extraordinary circumstances where the danger of irreparable injury to the federal plaintiff is both great and immediate. The <u>Younger</u> doctrine applies whether the federal plaintiff seeks injunctive or declaratory relief. <u>Samuels v. Mackell</u>, 401 U.S. 66, 73 (1971). If the federal plaintiff seeks to annul the results of a state trial through a § 1983 action, he or she must first exhaust any state appellate remedies before resorting to a federal forum. <u>Huffman v. Pursue, Ltd.</u>, 420 U.S. 592, 606 (1975).

<u>Younger</u> abstention clearly applies to this action. Petitioner's state criminal action is pending. Missouri has a strong interest in enforcing the sex offender

registration laws. Petitioner is clearly seeking to annul the criminal action proceeding against him. And Petitioner has not demonstrated irreparable injury because he can challenge the constitutionality of the vehicle registration requirement in the state trial court and the state appellate courts. As a result, the Court will dismiss this action with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Respondents' motions to dismiss [ECF Nos. 30, 32] are **GRANTED**.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

A separate Order of Dismissal will be filed forthwith.

Dated this 17th day of February, 2014.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE